## UNITED STATES DISTRICT COURT
### DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
   **Plaintiff**

v.                                    Case Number 8:00cr65-001

                                      USM Number 16463-047

**DOYLE M. MERRITT**
   **Defendant**

                                      **Karen M. Shanahan**
                                      **Defendant's Attorney**

_____

### JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of a Mandatory condition of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Domestic Violence Assault and Possession of Marijuana Less Than One Ounce and Possession of Drug Paraphernalia | January 27, 2007 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegation nos. II and III are dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
June 15, 2007

s/ Joseph F. Bataillon
United States District Judge

June 29, 2007

Defendant: Doyle M. Merritt                                                                        Judgment-Page 2 of 8
Case Number: 8:00CR65

## IMPRISONMENT

The defendant is hereby sentenced to one (1) day in the custody of the U.S. Marshal.

[X]   The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 2007.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 2007_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____,2007.

_____
UNITED STATES WARDEN

_____

## SUPERVISED RELEASE

The defendant's Supervised Release shall be extended to January 15, 2009 with additional conditions.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall submit to testing to detect the presence of a controlled substance or other prohibited substance in the defendant's bodily fluids in order to determine whether the defendant has consumed, or reverted to use of, any prohibited substance. To implement this condition, the time, place and manner of testing are to be approved by the probation officer.

2. Paragraph #8 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase, possess, use, distribute or administer any alcohol. For the purpose of this condition, alcohol will be considered just the same as a narcotic or controlled substance.

3. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, by a federal probation officer in supervision of the defendant, to determine the presence of any controlled substance, firearm or any other contraband. Any such items found may be seized by the United States Probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4. The defendant shall attend, pay for and successfully complete diagnostic evaluation, treatment or counseling program, and shall become a member of a support group (e.g., AA/NA) regarding alcohol and/or controlled substance abuse. To implement this condition, the particular diagnostic evaluation, counseling, treatment and support group are to be approved by the probation officer.

5. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the United States Probation officer.

6. The defendant shall provide the United States Probation officer with access to any requested financial information.

## SUPERVISED RELEASE - CONTINUED

7. Pursuant to 18 U.S.C. § 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release from the place of the defendant's imprisonment and shall submit to at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to additional testing to detect the presence of any controlled substance in the defendant's body fluids or determine whether the defendant has used any controlled substance. The defendant shall pay for the collection of urine samples to be tested for the presence of a controlled substance. To implement this condition, the time, place and manner of testing are to be approved by the probation officer.

8. The defendant shall participate in the District's Cognitive Thinking Group as directed.

9. The defendant shall attend a public, private or private nonprofit offender rehabilitation program that has been approved by the probation officer, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, as directed.

10. The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.

Defendant: Doyle M. Merritt  Judgment-Page 5 of 8
Case Number: 8:00CR65

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places as specified by the court;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;

Defendant: Doyle M. Merritt                                                                  Judgment-Page 6 of 8
Case Number: 8:00CR65

## STANDARD CONDITIONS OF SUPERVISION - CONTINUED

15) the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16) the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: Doyle M. Merritt                                            Judgment-Page 7 of 8
Case Number: 8:00CR65

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| Totals: | $100.00 (paid) |          |                 |

**The $100.00 Special Assessment has been paid**

If applicable, restitution amount ordered
pursuant to plea agreement. . . . . . . . . . . . .        $

(X)   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    (X)   The interest requirement is waived.

### RESTITUTION

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

( )   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\*\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|------------------------------|-----------------------------------|---------------------------------------------|
| **Totals**        | $                            | $                                 |                                             |

    \*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for Offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: Doyle M. Merritt                                        Judgment-Page 8 of 8
Case Number: 8:00CR65

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

| | | |
|---|---|---|
| A | ( ) | **in full immediately or out of his prison earnings.** |
| B | ( ) | $_____ immediately, balance due (in accordance with C,D, or E); or |
| C | ( ) | not later than _____; or |
| D | ( ) | in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or |
| E | ( ) | in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment. |

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 So. 18th Plaza, Omaha, Ne. 68102.

**Special instructions regarding the payment of criminal monetary penalties:**

( )     The defendant shall pay the cost of prosecution.

( )     The defendant shall pay the following court cost(s):

(X)    The defendant shall forfeit the defendant's interest in the following property to the United States:

$3,381.00 in United States Currency

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.